**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CANDICE C.,[1] <br><br>       Plaintiff, <br><br>    v. <br><br> ANDREW SAUL, Commissioner of Social Security, <br><br>       Defendant. | Case No. 2:18-cv-09582-AFM <br><br> **MEMORANDUM OPINION AND ORDER REVERSING AND REMANDING DECISION OF THE COMMISSIONER** |

   Plaintiff filed this action seeking review of the Commissioner's final decision denying her application for Social Security Child Insurance Benefits. In accordance with the Court's case management order, the parties have filed memorandum briefs addressing the merits of the disputed issues. The matter is now ready for decision.

## I. BACKGROUND

   On February 9, 2015, Plaintiff applied for Supplemental Security Income. (Administrative Record ("AR") 243-251.) On August 28, 2015, Plaintiff applied for Social Security Child Insurance Benefits, alleging disability since January 1, 1990.

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

(AR 252-255.) After an initial denial of the applications on July 8, 2015, Plaintiff filed a written request for hearing on September 3, 2015. (AR 125-129, 134-136). Only Plaintiff's sister was able to testify on the date initially set for the hearing (August 17, 2017) because Plaintiff needed time to find new representation. On December 14, 2017, Plaintiff and her new attorney appeared before the Administrative Law Judge ("ALJ"). (AR 38-77.) This hearing also included the testimony of a vocational expert ("VE") and a medical expert ("ME").

The ALJ issued a partially favorable decision. (AR 12-37.) The ALJ found that Plaintiff had the following severe impairments: mild degenerative disc disease of the lumbar spine, major depressive disorder, generalized anxiety disorder, and borderline intellectual functioning. (AR 20). These impairments rendered Plaintiff disabled beginning March 1, 2017, thereby qualifying Plaintiff for supplemental security income. However, because Plaintiff had attained the age of 22 prior to the determined onset date, she was not entitled to child insurance benefits. The Appeals Council subsequently denied review, rendering the ALJ's decision final. (AR 1-6).

## II. DISPUTED ISSUES

1. Whether the ALJ properly discounted Plaintiff's subjective symptom testimony.

2. Whether the ALJ erred in determining that prior to March 1, 2017, Plaintiff could perform jobs existing in significant numbers in the national economy.

## III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). The Court reviews the record as a whole, weighing both

the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) ("When evidence reasonably supports either confirming or reversing the ALJ's decision, [the court] may not substitute [its] judgment for that of the ALJ.").

## IV. DISCUSSION

Plaintiff does not dispute the ALJ's summary of her testimony and her alleged impairments as described below:

> She did not have a walker at this hearing. She stated that she was not working and had never worked. She asserted that she had never looked for work due to being uncomfortable around others. She alleged that she had never used alcohol or drugs, other than those medically prescribed. She stated that she was 34 years of age and had completed the twelfth grade. She stated that she had been involved in special education throughout her schooling and had an individualized education program, involving resource specialist program (RSP) and speech therapy. She stated that she was able to read a children's book and write at a similar level. She reported that after graduating high school, she lived with her father and spent most of her time in her room watching television. The claimant stated that she lived alone, but her sister visited her on a daily basis to assist her with many basic activities of daily living. She stated that she had a dog at her home, but her sister cleaned after the dog. She alleged that she would lose focus after watching television for 5 minutes. She asserted that she had difficulty getting ready in the morning and needed frequent reminders from her sister in regard to activities of daily living.

The claimant alleged that she was depressed and anxious. She reported having focus and concentration deficits, paranoia, and difficult learning. She alleged that she gave her best effort at the consultative examinations. She indicated having had depressive and anxiety symptoms since childhood, approximately since age 12. She asserted that she had previously received psychological treatment, but she did not remember her last visit. She reported taking Prozac, Xanax, and an unspecified sleep medication. She alleged taking Xanax on an as needed basis, taking it once per day due to panic attacks. She also reported taking pain medications for back and knee pain. The claimant reported having six children, ages ranging from 2 to 14. She alleged that she lost custody of her children due to her mental health issues. She stated that four of her children lived with their father and two of the children lived with their grandmother. She reported having visitation rights to her children and seeing them at the park. The claimant alleged that she had tried drinking alcohol on one occasion[], but essentially denied alcohol use otherwise. She stated that physical therapy had helped her low back pain and she no longer used a walker.

(AR 23.)

Plaintiff also reported at a medical examination in 2015 that she could take care of her basic grooming and hygiene needs and make simple meals, but that she had some difficulty with completing household tasks, making daily decisions, and planning her daily activities. (AR 982-983.) While Plaintiff was able to walk or be driven by others for transportation, she was not able to go out alone and spent most of her days playing with her children and watching television. (AR 982-983.)

Before her twenty-second birthday, Plaintiff received counseling services at Kaiser Permanente on several occasions in 2003 and 2004. (AR 486.) This counseling may have resulted in a visit to a psychiatrist. (AR 486.) There is also

evidence that shows Plaintiff was assigned psychiatric appointments in 2005. (AR 559-573.) It is unclear how many appointments were attended, if any. A document from 2004 relating to the care of Plaintiff's children indicates she was responsible for getting a psychiatric evaluation. (AR 831-832.) Again, the record is unclear whether this resulted in evaluation or treatment. However, Plaintiff was prescribed Prozac in 2003 and Xanax some time after and has remained on those prescriptions since. (AR 24, 634-635.)

From her twenty-second birthday at the end of 2005 until the beginning of 2015, Plaintiff's treatment appears to have continued under nurse practitioners or physician assistants. (AR 483, 648, 660, 664.) The medical records indicate that Plaintiff's conditions were primarily treated with Prozac and Xanax. There is also evidence indicating a tendency to miss medical appointments. (AR 481, 670-671, 674, 677-678, 680, 683-684, 686-689, 691-692, 694, 699-700.) Medical records from November of 2009 and December of 2010 show that it was repeatedly recommended that Plaintiff see a psychiatrist but noted that Plaintiff had not yet seen one. (AR 475, 648.)

When, as here, a claimant "has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged," and there is "no evidence of malingering," the ALJ must provide "specific, clear and convincing reasons" before rejecting a claimant's testimony about the severity of their symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotations and citations omitted); *see also Leon v. Berryhill*, 880 F.3d 1041, 1046 (9th Cir. 2018); *Diedrich v. Berryhill*, 874 F.3d 634, 641 (9th Cir. 2017); *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017); *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). A rejection consisting of only "[g]eneral findings" will not satisfy the analysis; instead, the ALJ must "identify what testimony is not credible and what evidence undermines the claimant's complaints." *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010) (internal quotations and citation

omitted); *see also Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). Furthermore, the ALJ's findings "'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345-346 (9th Cir. 1991)). The ALJ's findings can be supported by the objective medical evidence, the claimant's treatment history, the claimant's daily activities, unexplained failure to pursue or follow treatment, and inconsistencies in testimony. *See Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014); *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

The ALJ found that, although Plaintiff's symptoms could reasonably be expected from her medically determinable impairments, her testimony regarding those symptoms was not fully supported by the evidence prior to March 1, 2017. (AR 23.) The ALJ provided three reasons for his credibility determination – specifically, Plaintiff's subjective testimony (1) was not fully supported by the objective medical evidence; (2) was inconsistent with Plaintiff's conservative treatment; and (3) was inconsistent with Plaintiff's daily activities. (AR 21, 24-29.)

**A. Lack of Objective Evidence**

Plaintiff does not argue that the ALJ erred in relying on the lack of objective medical evidence to support his credibility determination. (See ECF No. 24 at 8-9.) However, as Plaintiff points out, an ALJ cannot disregard a claimant's testimony solely because it is not substantiated by objective medical evidence. *See* 20 C.F.R. §404.1529(c)(2); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). Plaintiff therefore argues that the ALJ's other two reasons were inadequate.

**B. Conservative Treatment**

An ALJ may discredit testimony if it is contradicted by evidence of conservative treatment. *See Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995); *see also Gray v. Comm'r of Soc. Admin.*, 365 F. App'x 60, 63 (9th Cir. 2010);

*Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007). However, the Ninth Circuit has "particularly criticized" the use of the conservative treatment rationale with claimants who have mental health issues because "mental illness is notoriously underreported and because 'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'" *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299-1300 (9th Cir. 1999) (quoting *Van Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (internal quotation and citation omitted)).

Plaintiff contends that the ALJ has failed to cite evidence of her only receiving conservative treatment and that no nonconservative treatment has been shown to be available for her condition. (See ECF No. 24 at 12.) The ALJ referred to evidence concerning Plaintiff's Zoloft and Xanax use and stated that use of these drugs are "routine" and part of Plaintiff's conservative treatment. (AR 26, 28.) However, he failed to explain why this is routine or conservative or what more aggressive treatment was available and appropriate for Plaintiff. Moreover, Plaintiff's depression and anxiety are the type of conditions that may impair judgment. In these circumstances, the Court follows the Ninth Circuit's concerns about holding a person with mental impairments responsible for not seeking additional and more aggressive treatment. *See Wake v. Comm'r of Soc. Sec.*, 461 F. App'x 608, 609 (9th Cir. 2011); *Regennitter*, 166 F.3d at 1299-1300; *see also Van Nguyen*, 100 F.3d at 1465 (those afflicted with depression often do not recognize the seriousness of the disease); *Christina S. v. Berryhill*, 2018 WL 6428077, at *5 (D. Or. Dec. 7, 2018) ("anxiety contributed to Plaintiff's discontinuation of counseling."). Therefore, the ALJ's reference to Plaintiff's treatment as conservative is not a clear and convincing reason for discounting Plaintiff's testimony. *See Garcia v. Colvin*, 2016 WL 3268861, at *8 (C.D. Cal. June 6, 2016).

### C. Plaintiff's Daily Activities

An ALJ may discredit testimony when the claimant takes part in everyday activities that indicate capabilities that are "transferable to a work setting." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). Even if a claimant's activities suggest limited functionality in the work place, evidence of daily activities may be a valid basis to discredit the claimant's testimony "to the extent that [the activities] contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1104. Notably, however, "ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014).

Here, the ALJ's decision runs afoul of this controlling authority by doing nothing more than stating the "non-credibility conclusion and then summariz[ing] the . . . evidence." *Brown-Hunter*, 806 F.3d at 494. That is insufficient. It is not the Court's role to complete the ALJ's analysis but instead to "'review the reasons the ALJ asserts.'" *Id.* The ALJ's decision must identify the specific testimony found not to be fully credible and link it with the specific evidence in the record that supports that finding. *Id.* This requires the ALJ to "provide some reasoning in order for [the Court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Brown-Hunter*, 806 F.3d at 495 (citation omitted). That has not occurred here, and accordingly, the ALJ's reliance on daily activity is not an adequate basis for discounting Plaintiff's testimony.

***********

In sum, the ALJ failed to provide a clear and convincing reason to support the decision to discredit Plaintiff's subjective complaints. Given the significant functional limitations reflected in Plaintiff's subjective statements, the Court cannot "confidently conclude that no reasonable ALJ, when fully crediting the [plaintiff's]

testimony, could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055-1056 (9th Cir. 2006).[2] Thus, this error was not harmless because it could have changed the ALJ's conclusion regarding disability. *See Brown-Hunter*, 806 F.3d at 492 (ALJ's failure adequately to specify reasons for discrediting claimant's testimony "will usually not be harmless").

## V. REMEDY

"When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon*, 880 F.3d at 1045. Indeed, Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. . . . If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id.* (citation and internal quotation marks omitted).

Although the Court has found error as discussed above, the record on the whole is not fully developed and factual issues remain outstanding. The issues concerning Plaintiff's alleged disability "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter*, 806 F.3d at 496; *see also Treichler*, 775 F.3d at 1101 (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same

---

[2] In light of the Court's finding with regard to the credibility issue, it does not address the remaining issue raised by Plaintiff. See *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [Plaintiff's] alternative ground for remand.").

where the record does not clearly demonstrate the claimant is disabled within the meaning of the Social Security Act).

Accordingly, the appropriate remedy is a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). It is not the Court's intent to limit the scope of the remand.

## ORDER

IT IS THEREFORE ORDERED that judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this opinion.

DATED: 11/8/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE